IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SOUTHERN EROSION COMPANY INC. | ) | Case No. 09-10182 |
| | ) | |
| Debtor. | ) | Chapter 11 |

## DEBTOR'S PLAN OF REORGANIZATION

The Debtor, Southern Erosion Company Inc., hereby submits the following Plan of Reorganization, pursuant to 11 U.S.C. §1121:

I. **DEFINITIONS.**

   A. **Allowed Claim:** A claim that the Debtor scheduled as non-disputed, non-contingent and liquidated and for which a timely claim has been filed in the office of the Clerk of the U. S. Bankruptcy Court to which no objection is made and allowed by the Court, or which the Court allows after an objection has been made thereto.

   B. **Bankruptcy Court or Court:** The United States Bankruptcy Court for the Eastern District of Tennessee at Chattanooga.

   C. **Case:** The case for the reorganization of the Debtor commenced by voluntary Chapter 11 petition on January 13, 2009.

   D. **Chapter 11:** Chapter 11 of the Bankruptcy Code (Title 11, United States Code).

   E. **Confirmation:** A final and non-appealable Order confirming the Plan in accordance with 11 U.S.C. § 1129.

   F. **Consummation:** Consummation of the Plan of Reorganization by accomplishment of all things contained or provided for in the Plan and the entry of a final decree pursuant thereto.

   G. **Debtor:** Southern Erosion Company Inc.

   H. **Default:** Failure of the Debtor to comply with any of the applicable provisions of the Plan.

   I. **Disbursing Agent:** The Debtor, Armor Reece of Southern Erosion Company, Inc.

   J. **Effective Date:** The first business day following the tenth calendar day after confirmation.

   K. **Final Decree:** The Order declaring the Plan consummated.

L. **Motion for Default**: Filing with the Court by any interested party a motion requesting that the Court determine that the Debtor has defaulted under the Plan with respect to one or more Classes.

M. **The Plan or Plan of Reorganization**: This Plan of Reorganization and any amendments thereto filed pursuant to Chapter 11 of Title 11, U.S.C., and as confirmed by Order of this Court.

N. **Plan Payments**: The funds paid to and disbursed by the Disbursing Agent.

O. **Unclaimed Funds**: Funds paid to and represented by a distribution check which remains un-cashed after either: (1) as to any check not returned by the United States Postal Service, ninety (90) days following the mailing of the check to the last known address to the intended recipient, or (2) as to any check returned by the United States Postal Service, ninety (90) days following the Debtor's or other sender's reasonable or good faith attempt to find out the intended recipient's correct mailing address, and if correct mailing address is found within such time periods, after the re-mailing of the check.

II. **PROVISIONS FOR PAYMENTS.**

The Disbursing Agent shall make plan payments directly to the creditors in all classes.

III. **Classification of Claims and Interests.**

The Claims will be classified as follows:

| CLASS | CREDITOR | SECURED BY | AMOUNT |
|---|---|---|---|
| I | Professional Fees | N/A | |
| II | Priority Tax Claims<br><br>Office of U. S. Trustee (after the Effective Date) | N/A | $281.84 |
| III | General Unsecured Creditors -(as defined by 1(a)(page 1) of this plan) not otherwise provided for including any deficiency claims arising in the event of post-confirmation default and subsequent foreclosure of the collateral. | | $300,718.51 |

IV. **PAYMENT OF PROFESSIONAL FEES.**

To be paid first from the Plan Payments made to the Disbursing Agent. These claims are expected to total approximately $5,000.00

V.   **TREATMENT OF CLAIMS.**

| CLASS | CREDITOR | PLAN PROPOSES TO PAY | MONTHLY PAYMENT | INTEREST RATE |
|---|---|---|---|---|
| I | Ordinary Course of business<br><br>Professional Fees - | Payable upon contract terms.<br><br>To be paid in full until paid by Disbursing Agent in periodic payments. | | |
| II | Priority Taxes<br><br><br><br>U.S. Trustee's Fees | To be paid in full with interest by Disbursing Agent in periodic payments or settled by the Debtor with offer of compromise, or interest penalty forgiven per previous agreement with taxing agent.<br><br>To be paid in full by Disbursing Agent when due. | | |
| III | Unsecured General Creditors - as defined by 1(a)(page 1) of this plan) | To be paid 100% with no interest. | | |

VI.   **EXECUTORY CONTRACTS.**

All executory contracts not previously assumed are hereby rejected.

VII.   **MEANS FOR EXECUTION.**

   a.   At the Plan Payment, the Debtor shall pay all claims in full from the proceeds of a settlement of a civil action filed in the McMinn County Circuit Court.

   b.   In the event that a Plan Payment or a payment being made direct by the Debtor is deemed in default by the Court upon motion and opportunity for hearing, then the Plan as to the affected creditor(s) only shall be deemed in default which such creditors shall be free of the Plan provisions to exercise their applicable non-bankruptcy remedies. However, irrespective of a declaration of default of Plan payments as to one or more classes, the Plan provisions shall continue to be binding on all creditors for which the Debtor has not defaulted. Any unsecured deficiency claim arising after such post-petition default and foreclosure shall be treated the same as Class IV and shall be discharged under 11 U.S.C. § 1141(d)(5).

VIII. **MISCELLAENOUS.**

a. The Debtor shall retain all assets and all creditors shall retain their liens, their rights pursuant to their notes and security documents and their respective priorities against the collateral, subject to the terms of the Plan.

b. The allowed claims shall include attorney fees incurred pre and post-petition to the extent allowed by non-bankruptcy law, pre and post-petition interest less adequate protection payments made pre-confirmation and pre-petition late fees.

c. The Debtor may sell any or all of his properties subject to satisfying all liens and encumbrances against the property being sold including real property tax liens.

d. In the event the Debtor should default on any of the terms of this Plan or upon his responsibilities provided herein, the Court shall retain jurisdiction to determine upon motion of a party in interest whether a default has occurred. A default in one or more Classes shall be deemed a default in that Class or Classes only and shall not affect the terms of the Plan as to the remaining Classes.

e. All right, title, and interest in and to any distribution that becomes Unclaimed Funds shall immediately and irrevocably vest in, and revert to and become the property of, the Debtor, and the holder of the allowed claim to which such distribution relates shall be deemed to have no further or additional claim against the Debtor with regard to such Allowed Claim or distribution or the Unclaimed Funds represented thereby.

f. Defaults may be brought to the Court's attention by any interested party. The Debtor is authorized to employ professional persons to continue representation of the Debtor for all matters arising post-confirmation and is authorized to pay all post-confirmation fees and expenses incurred in the ordinary course of business.

g. Avoidable transfers will not be pursued and are deemed compromised upon confirmation of the Plan.

h. Creditors desiring to cast ballots shall do so at or before the confirmation hearing. Objections to confirmation shall be filed at least three (3) business days prior to the confirmation hearing.

All current post-petition expenses will constitute post-confirmation obligations of the Debtor and be paid in full according to ordinary financial terms.

    i.    All administrative claims for professional fees and expenses incurred prior to the Effective Date shall be filed within thirty (30) days after the Effective Date.

    j.    Objections to the allowance of claims by any interested party shall be filed within thirty (30) days of the Effective Date with notice of the objection being served upon Debtor, Debtor's counsel, the creditors whose claims is being objected to and the Office of the U.S. Trustee.

    k.    All fees owing to the Office of the U. S. Trustee prior to the Effective Date will be paid at the Effective Date. The case shall be administratively closed for purposes of 28 U.S.C. § 1930(a)(6) upon commencement of the Plan Payments and final determination of matters in paragraph 1- 4 below, subject to reopening for determination of any of the matters in paragraphs 5 – 8 for which jurisdiction is retained to the extent that any fees become due and owing to the Office of the U. S. Trustee after the Effective Date, such fees shall be payable from Plan Payments as claimed in Class II.

    l.    The Court shall retain jurisdiction of this case for the following purposes:

    1.    To determine any and all objections to the allowance and classification of claims and arrearage claims;

    2.    To determine any and all applications for professional fees and expenses;

    3.    To determine any pending applications for rejection or affirmance of executor contracts or expired leases and the allowance of claims resulting from the rejection of executor contracts or unexpired leases;

    4.    To determine any and all pending applications and adversary proceedings and contested and litigated matters except those resolved by this Plan;

    5.    To determine any defaults under the Plan and to enforce the provisions of the Plan;

6. To correct any defect, cure any omission or reconcile any inconsistency in the Plan or in the Order of the Court confirming the Plan as may be necessary to carry out the purpose and intent of the Plan; and

7. To grant the Debtor a discharge pursuant to 11 U. S. C. § 1141(d)(5); and

8. To determine such other matters as may be provided for in the Order of the Court confirming the Plan.

Dated: July 15, 2009         Respectfully submitted,

/s/Richard L. Banks
Richard L. Banks, #000617
Attorney for Debtor
P.O. Box 1515
Cleveland, TN 37364-1515
423-479-4188
423-478-1175 (fax)

Approved for entry:

Southern Erosion Company, Inc.

/s/Armor Reece
BY: Armor Reece, President

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Debtor's Plan of Reorganization was filed electronically and was served by U. S. Mail, first-class postage prepaid and/or by the Court's Electronic Filing Notice, pursuant to Rule 9013-1(g)(2)(xiv), to the Debtor, to persons listed below, to persons that have requested a copy in writing and per the attached matrix.

This 15th day of July 2009

Tom Dubose, Bankruptcy Analyst
U.S. Bankruptcy Court
31 E. 11th St., 4th Floor
Chattanooga, TN 37402

Kent Anderson
Assistant U.S. Attorney
1110 Market Street
Suite 301
Chattanooga, TN 37402

Internal Revenue Service
SB/SE Compliance Support
801 Broadway, MDP 146
Nashville, TN 37203

Kim Swafford, Esquire
Office of the U.S. Trustee
31 E. 11th Street 4th Floor
Chattanooga, TN 37402

Calvin Ward, Esq.
Woolf, McClane, Bright & Carpenter
900 Riverview Tower, 900 S. Gay Street
Knoxville, TN 37902

See attached matrix

                                        RICHARD BANKS & ASSOCIATES, P.C.

                                        /s/Richard L. Banks___#000617
                                        Richard L. Banks
                                        Attorney for the Debtor
                                        P.O. Box 1515
                                        Cleveland, TN 37364-1515
                                         423-479-4188

BB&T  
P.O. Box 1847  
Wilson, NC 27894

IRS  
Post Office Box 21126  
Philadelphia, PA 19114

BB&T  
c/o Calvin Ward  
Woolf, McClane, Bright & Carpenter  
900 Riverview Tower, 900 S. Gay St.  
Knoxville, TN 37902

Blalock & Sons, Inc.  
c/o J. Calvin Ward, Esq.  
PO Box 900  
Knoxville, TN 37901