IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT of TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SOUTHERN EROSION COMPANY INC. | ) | Case No. 09-10182 |
| | ) | |
| Debtor. | ) | Chapter 11 |

DISCLOSURE STATEMENT

Comes now the Debtor, Southern Erosion Company Inc, and submits this Disclosure Statement to its Plan of Reorganization filed on the 15th day of July, 2009, pursuant to 11 U.S.C. § 1125.

I.

INTRODUCTION

The Debtor is the proponent of the Plan of Reorganization. This Disclosure Statement is filed in order to disclose that information deemed by the Plan proponent to be material, important and necessary for creditors of the Debtor to arrive at a reasonably informed decision in exercising their right to vote for acceptance or rejection of the Plan presently on file with the Bankruptcy Court.

Prior to the approval of this Disclosure Statement, a copy was sent to all creditors and those parties requesting in writing a copy thereof. An opportunity to object to its contents is given. Thereafter, the Court will conduct a hearing to approve the contents of this Disclosure Statement. Information contained herein has been obtained from the books and records of the Debtor or from appraisals or accountings obtained by the Debtor.

The Plan is on file in the United States Bankruptcy Court for the Eastern District of Tennessee at Chattanooga and may be considered by creditors if this Disclosure Statement is approved by the Bankruptcy Court. If the Disclosure Statement is approved, creditors may then vote on the Plan by filling out and mailing ballot forms to the Bankruptcy Court. Ballot forms will be mailed with the Order approving the Disclosure Statement, if obtained, and such Order will set a date for a hearing on

1

confirmation of the Plan. As a creditor, your vote is important. In order for the Plan to be deemed accepted, creditors in classes impaired under the Plan that vote to accept or reject the Plan and that hold at least 2/3 in amount and more than 1/2 in number of the allowed claims within certain classes must vote for the Plan. Certain classes are not entitled to vote since such classes are being paid full or the rights of creditors in those classes are not being impaired by the Plan. If there is a class of impaired claims, at least one of the classes of claims must accept the Plan excluding acceptances by any insiders. In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan, if the Court finds *inter alia,* that the Plan accords fair and equitable treatment to all classes that have rejected it. To have your vote count, you must complete and return the ballot within the time provided therefore.

NO REPRESENTATIONS CONCERNING THE DEBTOR ARE AUTHORIZED BY THE DEBTOR OTHER THAN AS SET FORTH IN THIS STATEMENT. ANY REPRESENTATIONS OR INDUCEMENTS MADE TO SECURE YOUR ACCEPTANCE, WHICH ARE OTHER THAN AS OBTAINED IN THIS STATEMENT, SHOULD NOT BE RELIED UPON BY YOU IN ARRIVING AT YOUR DECISION, AND SUCH ADDITIONAL REPRESENTATIONS AND INDUCEMENTS SHOULD BE REPORTED TO COUNSEL FOR THE DEBTOR WHO, IN TURN, SHALL DELIVER SUCH INFORMATION TO THE BANKRUPTCY COURT FOR SUCH ACTION AS MAY BE DEEMED APPROPRIATE.

**Because of the uncertainties of the liquidation value of assets and the administrative expense incurred in such liquidation and the post-confirmation interest, the Plan, in the opinion of the Debtor, offers more to creditors than the present forced liquidation value of the property of the Debtor. The Debtor will use net proceeds from sale of goods, gasoline, etc.. at the convenience store to make the monthly payments required by the Plan.**

THE INFORMATION CONTAINED IN THIS DOCUMENT OR IN THE ATTACHED EXHIBIT(S) HAS NOT BEEN SUBJECT TO A CERTIFIED AUDIT. THE RECORDS ARE DEEMED SUFFICIENT FOR A BUSINESS OF THE SIZE AND COMPLEXITY OF THE DEBTOR. ACCOUNTANTS HAVE NOT FULLY VERIFIED SUCH INFORMATION AS THE COST OF

COMPLETE VERIFICATION WOULD BE PROHIBITIVE. THE INFORMATION CONTAINED HEREIN IS BELIEVED TO BE TRUE AND CORRECT ALTHOUGH INACCURACIES MAY BE PRESENT, AN EFFORT HAS BEEN MADE TO BE ACCURATE. THERE ARE ESTIMATES AND APPROXIMATIONS HEREIN WHICH ARE INHERENTLY SPECULATIVE, UNCERTAIN AND UNKNOW OR CONTAIN MATTERS ABOUT WHICH OPINIONS MAY DIFFER. NO REPRESENTATIONS CONCERNING THE DEBTOR OR ITS BUSINESS OR ASSETS AND ANY VALUATION THEREOF ARE AUTHORIZED OTHER THAN AS SET FORTH IN THIS DOCUMENT. ANY REPRESENTATIONS OR INDUCEMENTS MADE TO SECURE ACCEPTANCE OF THIS PLAN WHICH ARE OTHER THAN AS CONTAINED IN THIS DOCUMENT SHOULD NOT BE RELIED UPON BY YOU IN ARRIVING AT Y OUR DECISION. SUCH ADDITIONAL REPRESENTATIONS AND INDUCEMENTS SHOULD BE REPORTED TO COUNSEL FOR THE DEBTOR WHO, IN TURN, SHALL PROMPTLY DELIVER SUCH INFORMATION TO THE BANKRUPTCY COURT FOR SUCH ACTION AS MAY BE DEEMED APPROPRIATE.

CONTINUED NEXT PAGE

## II.

## HISTORY OF THE DEBTOR

The Debtor Southern Erosion Company, Inc. has been in business approximately twelve (12) years. The President of the company is Armor Reece. The Debtor is primarily a sub-contractor for general contractors who obtain contracts from the State. The Debtor had six employees when the business was in full operation. Approximately one and half years ago, the Debtor did not receive payment for services provided to a general contractor in the amount of approximately $150,000.00. As a result, the Debtor could not continue operating and has since filed a lawsuit in McMinn County Circuit Court against the contractor. The Debtor hopes this suit will be settled soon in which the proceeds recovered will pay its creditors in full and to restart operation of the business.

CONTINUED ON NEXT PAGE

## III.

## ASSETS AND LIABILITIES

1. Real Estate

The Debtor does not possess any real property.

2. Personal Property

| PROPERTY | LIQUIDATION VALUE | SECURED CLAIM | CLASSIFICATION OF CLAIMS |
|---|---|---|---|
| Pending Lawsuit McMinn Co. Circuit Ct. | $250,000.00 | | |
| 1984 International Hydro-Seeder Truck | $12,000.00 | | |
| 1998 Ford F-150 | $1,000.00 | | |
| 2000 Chevrolet 1 Ton Truck | $3,000.00 | | |
| 2000 GMC 1 Ton Truck | $3,000.00 | | |
| 24 Foot Trailer | $2,000.00 | | |
| Case 460 Skid Loader | $14,000.00 | | |
| New Holland LS 865 Tractor | $15,000.00 | | |

3. Priority Tax Claims (Class II)

The Debtor owes $281.84 in priority tax claims which would be paid as part of **Class II**.

It is anticipated that no fees will be due to the Office of the U.S. Trustee after the Effective Date.

4. Secured Claims

The Debtor does not have any secured creditors at the time of filing the Plan.

5. <u>General Unsecured Claims</u>

The total amount of filed Unsecured Claims as defined by 1(a)(page 1) of the Plan is $300,718.51.

IV

**SUMMARY OF ASSETS AND LIABILITIES**

|  | AMOUNT |
|---|---|
| a. Real estate with equity above secured claim | $-00- |
| b. Equity in non-exempt personal property | $400,000.00 |
| c. Possible avoidance actions | $0.00 |
| d. Priority taxes including real property taxes | $-00- |
| e. Unsecured claims (Class III) | $300,718.51 |

V.

**SUMMARY OF PLAN OF REORGANIZATION**

At the Plan Payment, the Debtor shall pay all claims in full from the proceeds of a settlement of a civil action filed in the McMinn County Circuit Court.

    a.   *<u>Professional fees</u>* – To be paid first out of Plan Payments. These claims are expected to total approximately $5,000.00

**The Debtor will pay the claims as follows commencing on the Effective Date and continuing monthly thereafter until paid:**

| CLASS | CREDITOR | PLAN PROPOSES TO PAY | MONTHLY PAYMENT | INTEREST RATE |
|---|---|---|---|---|
| I | Ordinary Course of business<br><br>Professional Fees - | Payable upon contract terms.<br><br>To be paid in full until paid by Disbursing Agent in periodic payments. | | |
| II | Priority Taxes<br><br><br><br>U.S. Trustee's Fees | To be paid in full with interest by Disbursing Agent in periodic payments or settled by the Debtor with offer of compromise, or interest penalty forgiven per previous agreement with taxing agent.<br><br>To be paid in full by Disbursing Agent when due. | | |
| III | Unsecured General Creditors - as defined by 1(a)(page 1) of this plan) | To be paid 100% with no interest. | | |

Consummation of the Plan will result in the discharge of all debts pursuant to 11 U.S.C. § 1141(d)(5) upon Motion of the Debtor that discharge should be entered. This is not a liquidation plan.

**THE FOREGOING IS A BRIEF SUMMARY OF THE PLAN AND SHOULD NOT BE RELIED UPON FOR VOTING PURPOSES. CREDITORS ARE URGED TO READ THE PLAN IN FULL, WHICH IS BEING SEPARATELY SUBMITTED TO YOU. CREDITORS ARE URGED TO CONSULT WITH COUNSEL, OR WITH EACH OTHER, IN ORDER TO FULLY UNDERSTAND THE PLAN AND ANY EXHIBITS ATTACHED TO IT.**

## VI.

## MANAGEMENT, OWNERSHIP AND GENERAL OPERATIONS

The debtor corporation will continue to be managed by its owner / President, Armor Reece. Ownership of the corporation will not change.

## VII.

## MISCELLANEOUS

The Plan of Reorganization stated means for execution of the Plan, provides for the retention, enforcement, settlement or adjustment of claims belonging to the Debtor or the estate and certain general provisions, including, but not limited to, retention of jurisdiction by the Bankruptcy Court for certain purposes.

## VIII.

## LIQUIDATION ANALYSIS

Paragraph IV above is an analysis of the estimated recovery for creditors in the event of the Debtor's liquidation exclusive of costs of sale and administration expenses. The Debtor has made certain assumptions and has used approximations as the basis of this analysis. The Debtor believes that in liquidation general unsecured creditors will receive a minimal, if any, distribution on their claims. The Debtor believes that it has proposed more to creditors in the Plan than would likely be realized through liquidation.

## IX.

## RISKS

The risk to the creditors if the Plan is approved is the possibility that the value received at a later date if liquidation occurs could be either less than at present or more than estimated

resulting in the Debtor retaining the excess value. The risks include the possibility of depreciation of assets over the life of the Plan. The Debtor may be unsuccessful in avoiding obligations after the Effective Date for fees to the Office of the U.S. Trustee. The Debtor may not prevail in the state court lawsuit.

## X.

## CLAIMS

Claims must be filed by the time of the claims bar deadline. The Debtor reserves the right to object to any claim filed or deemed filed as to amount, classification or otherwise. Objections may be filed up to thirty (30) days after the Effective Date. Professional fee claims must be filed within thirty (30) days after the Effective Date.

Respectfully submitted,

/s/Richard L. Banks
Richard L. Banks, #000617
Attorney for Debtor
P.O. Box 1515
Cleveland, TN 37364-1515
423-479-4188
423-478-1175 (fax)

Approved for entry:

Southern Erosion Company Inc.

/s/Armor Reece
   BY: Armor Reece, President

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Disclosure Statement was filed electronically and was served by U. S. Mail, first-class postage prepaid and/or by the Court's Electronic Filing Notice, pursuant to Rule 9013-1(g)(2)(xiv), to the Debtor, to persons listed below, to persons that have requested a copy in writing and per the attached matrix. The United States Trustee will be served electronically.

This 15th day of 2009

Tom Dubose, Bankruptcy Analyst
U.S. Bankruptcy Court
31 E. 11th St., 4th Floor
Chattanooga, TN  37402

Kent Anderson
Assistant U.S. Attorney
1110 Market Street
Suite 301
Chattanooga, TN  37402

Internal Revenue Service
SB/SE Compliance Support
801 Broadway, MDP 146
Nashville, TN  37203

Kim Swafford, Esquire
Office of the U.S. Trustee
31 E. 11th Street 4th Floor
Chattanooga, TN 37402

Calvin Ward, Esq.
Woolf, McClane, Bright & Carpenter
900 Riverview Tower, 900 S. Gay Street
Knoxville, TN 37902


See attached matrix

                                                RICHARD BANKS & ASSOCIATES, P.C.

                                                /s/_____#000617
                                                Richard L. Banks
                                                Attorney for the Debtor
                                                P.O. Box 1515
                                                Cleveland, TN 37364-1515
                                                423-479-4188

| | | |
|---|---|---|
| BB&T<br>P.O. Box 1847<br>Wilson, NC 27894 | BB&T<br>c/o Calvin Ward<br>Woolf, McClane, Bright & Carpenter<br>900 Riverview Tower, 900 S. Gay St.<br>Knoxville, TN 37902 | Blalock & Sons, Inc.<br>c/o J. Calvin Ward, Esq.<br>PO Box 900<br>Knoxville, TN 37901 |
| IRS<br>Post Office Box 21126<br>Philadelphia, PA 19114 | | |