## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF TENNESSEE
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Case No.: 09-10182 |
| SOUTHERN EROSION COMPANY, INC. | ) |
| | ) |
| | ) Chapter 11 |
| Debtor. | ) |

### RESPONSE OF U.S. TRUSTEE TO PLAN OF REORGANIZATION

The U. S. Trustee hereby files the following Response to the Plan of Reorganization ("Plan") filed by the debtor. In support of this Response, the U.S. Trustee would show the court as follows:

1. <u>Feasibility of Plan</u> - It appears from the operating reports that have been filed by the debtor that it will be unable to make the Plan payments. The debtor's Plan payments are contingent on the settlement of a collection action in McMinn County Circuit. The plan does not give a timeline for the litigation, potential settlement and collectability if a judgment is entered. Therefore, this Plan may not be confirmable under 11 U.S.C. § 1129(a)(11), which provides as follows:

> Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan.

2. <u>Summary of Ballots</u> - On first ballot, the Debtor did not receive any votes and the plan was not confirmable. The U. S. Trustee requests that the debtor's attorney file a summary of acceptances and rejections by class and by number and amount and fax a copy of the summary to Tom DuBose, fax number (423) 752-5161, prior to the confirmation hearing.

3. <u>Impaired Classes</u> - In order for the Plan to be confirmed at least one of the following impaired classes must vote for the Plan excluding the vote of insiders pursuant to 11 U.S.C. § 1129(a)(10):  Class III

4. <u>Absolute Priority Rule for Unsecured Creditors</u> - If Class III, which is an impaired class of unsecured claims, votes against the Plan, the requirements of the absolute priority rule as outlined in 11 U.S.C. § 1129(b)(2)(B) will not be satisfied.  This is due to the fact that the equity ownership in the reorganized debtor will not change under the Plan.

5. <u>U. S. Trustee Fees, Monthly Reports and Final Decree</u> -  The Plan fails to provide that the debtor will continue to pay U. S. Trustee quarterly fees and to file monthly operating reports until a final decree is entered or until the case is dismissed or converted to another chapter.  The U. S. Trustee requests that any order confirming the Plan provide that the debtor will continue to pay U. S. Trustee quarterly fees and to file monthly operating reports until a final decree is entered or until the case is dismissed or converted to another chapter.  28 U.S.C. § 1930.

6. <u>Default Provisions</u> - Paragraph d on page 4 of the plan should be deleted since the Bankruptcy Court does not retain jurisdiction over Plan defaults.  Likewise the first sentence of paragraph f on page 4 should be deleted.  Finally, paragraph l, subsection 5 should be deleted.

7. <u>Automatic Stay</u> - The confirmation order should state whether the automatic stay will terminate pursuant to 11 U.S.C. § 362(c)(2)(C).

WHEREFORE, based upon the reasons stated, the U.S. Trustee would assert that the Plan should be amended to reflect the above changes either by the filing of an amended plan or amendments to the plan being placed in the confirmation order.

Respectfully submitted,

        Richard B. Clippard
        United States Trustee
        Region 8

        /s/Kimberly C. Swafford (TN BPR#13971)
        Attorney for the U.S. Trustee
        31 East 11th Street, 4th Floor
        Chattanooga, TN   37402
        (423) 752-5153
        Kim.c.swafford@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing of U. S. Trustee to Plan of Reorganization was sent by U. S. Mail properly addressed and with correct postage to the following:

Richard Banks
Attorney for the Debtor
P.O. Box 1515
Cleveland, TN  37364

BB&T
c/o Calvin Ward
900 Riverview Tower
900 South Gay Street
Knoxville, TN  37902

        /s/ Kimberly C. Swafford